JOHN M. JUDAH ET AL. *v.* O. C. BROTHERS, JR.

TAX-SALE. *Redemption. Code* 1880, §§ 4, 531. *Repeal. Const.* 1890, §§ 79, 274.
> Section 531, code 1880, allowing only one year for redemption of lands sold for taxes, was repugnant to § 79, constitution 1890, giving such right for a period of not less than two years, and, by § 274 of the constitution, was continued in force until April 1, 1892, and hence, as to sales made in March, 1892, the right to redeem existed for only one year, the period for redemption being fixed by the law at the time of the sale.

FROM the chancery court of Clay county.

HON. BAXTER McFARLAND, Chancellor.

The appellee, O. C. Brothers, Jr., filed this bill to confirm a tax-title acquired by him at a sale on the first Monday of March, 1893, for the taxes of 1892. John M. Judah and Caldwell & Judah, defendants, demurred to the bill on the ground that it was filed less than two years after the sale for taxes, the contention being that two years, as provided by § 79, const. 1890, instead of one year, as provided by § 531, code 1880, were allowed for redemption from sales for taxes made in March, 1892. From a decree overruling the demurrer, the defendants have appealed.

*Houston & Reynolds*, for appellants.

Section 79, constitution 1890, gave the right to redeem for a period not less than two years, and this right could not be abridged by the legislature. If it was to be effective when subsequent legislation so provided, it would be a legislative, not a constitutional, right; but, even in that view, there were two years for redemption. Code 1892, § 3823. Section 274

of the constitution did not suspend § 79, but merely extended certain statutes. Section 79 became the fundamental law November 1, 1890, subject only to the provision that laws repugnant to it were extended until April 1, 1892. It was a part of the law when the sale for taxes was made. The purchaser had notice of it, and therefore the change in the law must be held to have been within his contemplation. Section 79 left the terms and conditions of redemption to the legislature, but not the right of redemption. The same power that gave the right to sell the land for taxes gave the right to redeem in two years.

If § 79 of the constitution did not take effect until April 2, 1892, this was before the expiration of the year for redemption. The purchaser had not acquired a vested right. He could not take possession of the land. It was therefore competent to give to the owner the additional time for redemption. See *Powers* v. *Telford*, 60 Miss., 195.

The right to redemption must be liberally construed. *Bonds* v. *Greer*, 56 Miss., 710; Blackw. on Tax-title, 728; Cooley on Taxation, 361–363. Such a construction will be given as will best protect private rights. *Thompson* v. *Gulf Railroad*, 3 How. (Miss.), 240, s.c. 34 Am. Dec., 81.

In view of the utterance of this court in case of *Wilkerson* v. *Hudson, ante,* p. 130, we submit the foregoing views with some diffidence, but it will be seen that the question here presented was not, in that case, controverted, and was not directly decided.

*Critz & Beckett*, for appellee.

It is not seriously contended by appellants that the legislature could shorten the period for redemption after the tax-sale, since that would impair the obligation of the contract. Reliance is placed on § 79 of the constitution of 1890, but it is clear that this provision was not self-executing. Its very language is prospective. It did not fix the period for redemption at two years, but merely provided that the legisla--

ture should not make it less. Besides, it did not interfere with existing legislation. If it be true that under § 274, constitution 1890, the former statute expired on April 1, 1892, that was after the purchaser's rights had accrued. Section 4, code 1892, expressly preserved existing rights.

Argued orally by *R. O. Reynolds*, for appellants.

CAMPBELL, C. J., delivered the opinion of the court.

Whatever would be the effect of § 79 of the constitution of 1890, as to the right to redeem real estate thereafter sold for non-payment of taxes, if it was unaffected by any other provision of that instrument, it is certain that the effect of § 274 was to continue in force, unimpaired by the constitution, the then existing revenue law, which gave the right of redemption from such sales for one year; and as that law was not repealed sooner by the legislature, it remained in force until the first day of April, 1892, and the sale in dispute was made on the first Monday of March, 1892, in accordance with the then existing law, which allowed one year for redemption, and that governs the rights of parties. This results from express constitutional enactment, from general rules of law and from § 4 of the code of 1892, which expressly preserves "any act done or any cause of action or any rights accruing or accrued or established," etc., from being affected by a repeal by the code of any statutory provision. Undoubtedly, the statute in force November 1, 1890, giving one year for redemption of land sold for non-payment of taxes, was repugnant to the provision in § 79 as to two years for redemption. Being thus repugnant, the statute was continued in force ("shall continue and remain in force") until April 1, 1892, unless sooner repealed by the legislature. It was not sooner repealed. It was therefore continuing and remaining in force with constitutional sanction when the sale was made, and must govern the rights of all concerned. Any other view is incomprehensible by us. Section 79 is to

be read with § 274 as a proviso, producing the result mentioned.

*Decree affirmed, and sixty days allowed for answer as of the last term of the chancery court.*